**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| E.I.H. and R.H., individually and on behalf of L.H., | Civil No. 2:15-cv-08658 (KSH) (CLW) |
| *Petitioners,* | |
| v. | |
| FAIR LAWN BOARD OF EDUCATION, | **OPINION** |
| *Respondent.* | |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court upon respondent Fair Lawn Board of Education's appeal of an order issued by the Honorable Cathy L. Waldor, U.S.M.J. on petitioners E.I.H. and R.H.'s motion to determine legal fees brought under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* Judge Waldor's order awarded $139,553.50 pursuant to a mandate from the Third Circuit that petitioners be awarded legal fees as prevailing parties.

I.      **Background and Procedural History**

The facts of this suit are recited in detail in three previous opinions: Administrative Law Judge ("ALJ") Jesse Strauss's final decision; this Court's opinion; and the Third Circuit's opinion reversing and remanding for a determination of the fee award due petitioners.

1

According to the factual recitation in the ALJ's opinion (D.E. 15-6), on February 5, 2015, when L.H. was 18 years old, she experienced a seizure and was diagnosed with epilepsy and prescribed an anti-seizure medication that must be administered rectally for episodes lasting longer than two minutes.  (*Id.* at 3.)  As a result, her parents, E.I.H. and R.H., contacted Fair Lawn Board of Education ("FLBOE") and requested that a trained health professional be on L.H.'s school bus to assist if necessary.  (*Id.*)

On February 26, 2015, petitioners filed a due process petition on behalf of L.H., and sought emergent relief from the New Jersey Office of Administrative Law ("OAL") pursuant to the Individuals with Disabilities Education Act ("IDEA").  (*Id.* at 1.)  They claimed that by not providing a medical professional on L.H.'s bus, FLBOE failed to afford her a free appropriate public education.  (*Id.* at 5.)  They also sought reimbursement of expenses in the amount of $599.84, which reflected the costs associated with driving their daughter to and from school for 16 days at a rate of 57 cents per mile, consistent with the federal milage reimbursement rate.  (*Id.*)

FLBOE accommodated L.H.'s parents' emergent request as of March 9th, and reimbursed them 31 cents per mile, for a total of $48.10, as payment for only five trips to and from school, applying the New Jersey public employee reimbursement rate. (*Id.* at 4.)

FLBOE deliberated whether L.H.'s individualized education plan ("IEP") needed to be amended to incorporate "nurse-transportation," and on March 27, 2015,

2

decided instead to include that service under her individualized health plan, on the basis that FLBOE provided such service in response to L.H.'s medical issues rather than to benefit her education. (*Id.* at 5.) That same day, an ALJ issued an emergent relief ruling, ordering "that the medically trained individual continue on the transport with L.H. throughout the period of a due process hearing on this matter." (D.E. 1-5, at 2; D.E. 15-6, at 2.)

After three days of hearings, ALJ Strauss concluded that FLBOE "was required to amend L.H.'s IEP to reflect the nursing service as part of the transportation related service," and that "[FLBOE] erred in not amending the related services portion of L.H.'s IEP." (D.E. 15-6, at 7.) Thus, ALJ Strauss ordered that L.H.'s 2014-2015 IEP be amended to include the presence of a medically-trained professional on her bus. (*Id.* at 9.) ALJ Strauss further found that FLBOE should have reacted more promptly to petitioners' accommodation request and ordered additional reimbursement in the amount of $192. (*Id.* at 10)

On December 15, 2015, petitioners sued in district court, individually and on behalf of L.H., seeking reimbursement of legal fees and related costs as "prevailing parties" under the IDEA. (D.E. 1.) They moved for summary judgment (D.E. 15), and FLBOE cross-moved for a summary ruling that the ALJ's decision should be overturned (D.E. 20). This Court denied petitioners' motion and ruled that L.H.'s IEP need not include the provision of the medical professional. (D.E. 36.) This

Court also affirmed the ALJ's reimbursement but denied petitioners legal fees as prevailing parties.  (*Id.*)

Petitioners appealed and the Third Circuit reversed, finding petitioners were prevailing parties entitled to reimbursement under the IDEA.  (D.E. 44-2.)  The case was reinstated in this Court, and determination of the amount of reimbursement was referred to Magistrate Judge Cathy Waldor.  (D.E. 45-46.)  After briefing by the parties (D.E. 51, 55, 58), Judge Waldor held oral argument and issued an order directing FLBOE to pay a total of $139,553.50 in legal fees.  (D.E. 63.)  FLBOE has now appealed her decision to this Court.  (D.E. 64.)

## II.   Standard of Review

Under Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(a), a magistrate judge is permitted to hear and determine non-dispositive matters, and when appropriate, "issue a written order stating the decision."  Fed. R. Civ. P. 72(a).  On review, these decisions are accorded wide discretion.  *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 997 (D.N.J. 1993) (citing *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)).

Fee award determinations are non-dispositive, and magistrate judges are therefore empowered to decide them rather than recommend a disposition.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(a)(1); *Moran v. Davita*, 2013 WL 3810703, at *2 (D.N.J. July 22, 2013) (Pisano, J.) ("Because a fee award determination is non-dispositive, the Court has reviewed the R & R under the 'clearly erroneous or

contrary to law' standard set forth in the Magistrate Act, 28 U.S.C. § 636(b)(1)(A).").
Any party objecting to a magistrate judge's fee award determination may appeal the
decision to the district court within 14 days, and the district court may set aside any
portion "found to be clearly erroneous or contrary to law." *See* L. Civ. R.
72.1(c)(1)(A).

A magistrate judge's ruling is clearly erroneous when, "although there may be
some evidence to support it, the reviewing court, after considering the entirety of the
evidence, is 'left with the definite and firm conviction that a mistake has been
committed.'" *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (Debevoise,
J.) (quoting *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J.
1990)).  A ruling is contrary to law if "the magistrate judge has misinterpreted or
misapplied applicable law." *Id.*  (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d.
162, 164 (D.N.J. 1988)).  The mere fact that the reviewing court "might have decided
the matter differently" is insufficient to justify the reversal of the magistrate judge's
decision. *Mendez v. Avis Budget Grp., Inc.*, 2018 WL 4676039, at *2 (D.N.J. Sept. 28,
2018) (Linares, J.) (quoting *Wortman v. Beglin*, 2007 WL 2375057, at *2 (D.N.J. Aug.
16, 2007)).

## III.   Discussion

On appeal, FLBOE argues that petitioners do not qualify as prevailing parties,
that the rates charged by counsel were unreasonable, and that Judge Waldor's decision
to award legal fees in the amount of $139,553.50 is clearly erroneous and contrary to

law. In the alternative, FLBOE argues that the award should be reduced on reasonableness grounds so as to exclude all excessive, redundant, and unnecessary work.

Under the IDEA's fee-shifting provision, courts are given discretion to award reasonable legal fees as part of the costs "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). A plaintiff "prevails" within the meaning of this provision, "when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 855 (3d Cir. 2006) (alteration in original), cert. denied, 549 U.S. 881 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).

If it is determined that the plaintiff is a prevailing party, then the court must assess the reasonableness of the fees and costs sought. The calculation of the appropriate amount of attorney's fees begins with the lodestar, which is the product of "the appropriate billing rate for the party's attorneys," multiplied by "the number of hours those attorneys reasonably expended on the action." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). The reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 413 (3d Cir. 2013). To determine the prevailing market rate, "a court must 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Interfaith Cmty. Org.*, 426 F.3d at 708 (quoting *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001)).

## A. Prevailing Parties

FLBOE argues that petitioners are not entitled to legal fees because the *de minimis* results they achieved in this litigation do not command prevailing party status. That issue, however, has already been decided by the Third Circuit, and its opinion could not have been clearer:

> Here, the inclusion of the nurse within L.H.'s IEP was the entire claim upon which this case was premised. *By finding that the nurse was a related service deserving of inclusion within her IEP, L.H. has obtained relief on a significant claim in the litigation, as a direct result of the litigation, thereby meeting the requirements for prevailing party status.* Moreover, the inclusion of the nurse within L.H.'s IEP was a significant change to her education plan, and did not merely maintain the status quo—this entitles Appellants to attorneys' fees.

(D.E. 44-2, at 10 (internal quotation marks and citations omitted) (emphasis added).) Petitioners qualify as prevailing parties under the IDEA, and as such, are entitled to reasonable legal fees pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

## B. Reasonable Fees

In determining the amount of legal fees due to the prevailing party, the IDEA provides that they "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "The prevailing party bears the burden of establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' that the requested

hourly rates meet this standard [of reasonableness]." *P.G. v. Brick Twp. Bd. of Educ.*, 124 F. Supp. 2d 251, 261 (D.N.J. 2000) (Cooper, J.) (alterations in original) (quoting *Washington v. Phila. Cty. Ct. Com. Pl.*, 89 F.3d 1031, 1035 (3d Cir. 1996)). "The party normally satisfies this burden by submitting the affidavits of other attorneys in the relevant legal community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *Id.* (citing *S.D. v. Manville Bd. of Educ.*, 989 F. Supp. 649, 656 (D.N.J. 1998)).

In this case, FLBOE argues that the hourly rates charged by Denise Rekem, Esq. and Shelley Stangler, Esq. are unreasonable given their legal experience. In her decision, Judge Waldor ordered FLBOE to pay $139,553.50 in legal fees. The award was for services performed by Denise Rekem, Esq., of Parles Rekem LLP at $375 per hour; Lisa Parles, Esq., of Parles Rekem LLP at $400 per hour; and Shelley Stangler, Esq., of Shelley L. Stangler, P.C. at $400 per hour. Generally, to determine the reasonableness of an attorney's hourly rate for the purposes of awarding legal fees, courts begin by looking to the attorney's customary billing rate for fee-paying clients at the time the fee application is filed. *See In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 590 (3d Cir. 1984) ("[T]he reasonable value of an attorney's time is the price that time normally commands in the marketplace for legal services in which those services are offered.").

FLBOE objects to Rekem's hourly rate based on her limited years practicing law, and argues it should be reduced using the attorney fee schedule published by the Community Legal Services of Philadelphia ("CLS"), which in pertinent part provides:

> The attached chart lists the fee schedule used by CLS only in cases in which the law allows for the award of attorney's fees from opposing parties in order to compensate CLS for the legal services provided to its clients.

> RANGE OF HOURLY RATES*, Effective July 1, 2018

| | |
|---|---|
| Attorneys post-law school experience under 2 years | $200-220 |
| Attorneys 2-5 years' experience | $230-275 |
| Attorneys 6-10 years' experience | $280-360 |
| Attorneys 11-15 years' experience | $375-450 |
| Attorneys 16-20 years' experience | $475-530 |
| Attorneys 21-25 years' experience | $550-640 |
| Attorneys more than 25 years' experience | $650-700 |
| Law Students | $110-160 |
| Paralegal I and II | $160-200 |
| Senior and Supervisory Paralegal | $205-230 |

> *These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data and increases in the Consumer Price Index.

(D.E. 55-1, Ex. 1.)

The Third Circuit has permitted courts to refer to the CLS fee schedule in determining reasonable rates. *See Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001) ("We approve of [CLS's] rates as reasonable in fixing the hourly rates in this case, and deny the hourly rates that are inconsistent with them."); *Machado v. Law Offices of Jeffrey H. Ward*, 2017 WL 2838458, at *3 (D.N.J. June 30, 2017) (Shipp, J.) (reducing attorney's rate of $425 per hour to $360 in accordance with the CLS fee schedule in a Fair Debt Collection Practices Act case). In the special education context, however, the CLS fee schedule may understate the expertise of practitioners. *See E.C. v. Sch. Dist. of Phila.*, 91 F. Supp. 3d 598, 606 (E.D. Pa. 2015) ("[T]he CLS fee schedule does not take into account any specialized skills in the field of special education.").

At the time the Third Circuit remanded this issue, Rekem had practiced law for almost 10 years. In accordance with the CLE fee schedule, FLBOE asks the Court to reduce her $375 hourly rate to an amount between $280 and $360. Given Rekem's specialty as a partner at a law firm that focuses on special education law, the persuasive supporting certifications of Staci Greenwald, Esq., Lori M. Gaines, Esq., and Lisa Parles, Esq. supplied by petitioners that attest to Rekem's skill and experience, and factoring in the inherent differences between prevailing rates in the northern New Jersey and Philadelphia legal markets, Judge Waldor's approval of Rekem's hourly rate is amply justified.

FLBOE also argues that although Stangler's 37+ years of practice justifies a rate of $400 an hour, her lack of practice in special education law warrants a reduction. FLBOE argues further that, based on Stangler's certification in support of the fee application, "she had no experience in special education matters prior to this case." (D.E. 64-2, at 17.) That simply is not the case, as the oral argument before Judge Waldor reveals.

> MS. STANGLER: [*A.D. v. Matawan-Aberdeen Regional School District*] was an IDEA case. I went to the OAL. I had briefs into the OAL. We were doing trial. My adversary was Eric Harrison, who I'm sure my adversary knows is a very well-known defense attorney. Okay? We can call him right now, if you'd like. . . .
>
> I litigated [*E.N. v. Non-Public Supplemental Services Programs*] in the OAL in front of Judge Shuster, and my adversary was Michael Inzelbuch, whom everybody knows. . . .
> I'm sorry Ms. Ballard and I haven't met before. Okay? But – and I know Your Honor ruled, but I've just got to correct the record.
>
> THE COURT: No, I appreciate your supporting my ruling in the record.
>
> MS. STANGLER: All right. I mean, I put these cases in because these cases went from the OAL into District Court as 504 – cases to suggest to the Court, you know, there's all kinds of experience – . . .
>
> [*A.P v. Allegro School Inc.*] was an IDEA case. It involved a placement in a private school. And that litigation went completely haywire. After the OAL, it ends up in the state Superior Court where I filed several causes of actions from breach of contract to the LAD to 504. There were amended complaints. That case was moving along. I had won those motions, but then a new attorney got involved, Connell Foley, and they removed it to federal court. And then Judge McNulty kicked out my 504 claim. So now I'm litigating in federal court briefing everything there. Then Judge McNulty remanded it. Then I remanded. And then I ended up having to go to the appellate division on an interlocutory appeal, all of

this having to do with special education, the IDEA, the relationship between the private schools and the public schools. . . .

THE COURT:  Thank you.

MS. STANGLER: And I'm happy to give the court all of my list of special education cases, several of which I was talking to with this record today in the Court.

THE COURT:  I'm satisfied.  But thank you very much for supporting the record.

(D.E. 59, at 12:6-14:1.)

The record before Judge Waldor shows that the certifications in support of petitioners' fee application come from reliable sources.  (D.E. 51-2, Ex. A ("Rekem Cert."), Ex. B ("Stangler Cert."), Ex. C ("Greenwald Cert."), Ex. D ("Gaines Cert."), Ex. E ("McCauley Cert."), Ex. F ("Hinson Cert."), Ex. G ("Zegas Cert."), Ex. H ("Foley Cert.").)  Staci J. Greenwald, Esq., a partner at Sussan Greenwald & Wesler with 27 years' experience who specializes in special education law, attested that her hourly fee is $450.  She stated her familiarity with both Rekem and Stangler, and indicated that the hourly rates charged by both attorneys "are reasonable and customary fees charged by other attorneys who specialize in this area of law and who practice in the community in which this matter arose."  (Greenwald Cert. ¶ 3.)  Lori Gaines, Esq., a partner at Barger & Gaines with 14 years' experience who specializes in special education law, attested that her hourly fee is $400.  She stated that "[t]he range of customary fees charged by other attorneys who specialize in special education law as well as attorneys litigating in this field as well as handling other civil

12

litigation of the qualifications and expertise of attorney Rekem and attorney Stangler is between $350 and $500.  These are the prevailing rates for attorneys in the community with similar skill, experience and years in practice."  (Gaines Cert. ¶ 6.) The Court is satisfied that Judge Waldor's  approval of Stangler's $400 hourly rate is neither clear error nor contrary to law.

Accordingly, the Court affirms Judge Waldor's holding that, based on the prevailing rates for special education attorneys in the New Jersey legal market, the hourly rates charged by Rekem and Stangler are reasonable.

### C. Excessive, Unnecessary, and Duplicative Fees

FLBOE argues that the number of hours billed by Rekem and Stangler lacked specificity and are excessive, unnecessary, and duplicative.

While a prevailing party may collect reasonable legal fees, the "prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case; rather, a court awarding fees must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org.*, 726 F.3d at 416 (internal citations and quotations omitted).  "[I]n determining the time spent and the nature of legal services employed, '[i]t is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted . . . .'" *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983) (second alteration in original) (quoting *Lindy Bros. Builders, Inc. of Phila. v. Am.*

*Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).  The Third

Circuit, however, does require "some fairly definite information as to the hours

devoted to various general activities . . . ."  *Lindy*, 487 F.2d at 167.  "This requirement

of specificity is intended to permit the district court to determine if the hours claimed

are reasonable for the work performed."  *Pawlak*, 713 F.2d 978.  "The court's focus in

assessing the adequacy of submitted documentation, then, is whether the

documentation permits the court to determine if the claimed fees are reasonable."  *Id.*

Prior to petitioners' fee application at issue on this appeal, Staci Greenwald

reviewed not only the billing invoices submitted by Rekem and Stangler but also the

legal work these attorneys performed in the OAL, the district court, and the Third

Circuit.  Her certification provides:

> I have reviewed the bills submitted by both attorney Rekum (sic) and
> attorney Stangler.  The work done at the administrative level, including
> trial and post-trial briefs, followed by the district court (involving dual
> motions for summary judgment with statements of material facts and
> counterstatements having to be drafted and served in connection with
> separate motions) and ultimately prevailing in the Third Circuit with a
> reversal and remand to the District Court for a determination of legal fees
> was reasonable, necessary, and not excessive.  I have also reviewed the
> briefs submitted by the plaintiff at each level of the process and find the
> work appropriate, required and necessary for proper advocacy.  I have also
> reviewed the briefs submitted by the plaintiff at each level of the process
> and find the work appropriate, required and necessary for proper
> advocacy.

(Greenwald Cert. ¶ 5.)  Similarly, Lori Gaines also reviewed the work and invoices

submitted by Rekem and Stangler.  Her certification states, in pertinent part:

14

> The work involved from trial, post-trial briefing, petitions to the district court with two (2) briefs on two (2) motions for summary judgment, reversal of the ALJ, taking the case to the Third Circuit and obtaining a reversal and remand on legal fees was substantial and time consuming. The bills are reasonable, necessary and not excessive based on my knowledge and experience. In particular, obtaining reversal of a district court opinion and order based on advocacy and presenting arguments drawn from other areas of administrative law is notable and the work appropriate.

(Gaines Cert. ¶ 7.)

After reviewing those same billing records, Judge Waldor, at oral argument, also found the hours to be reasonable and provided her justification for her award on the record:

> I think that the billing entries are reasonable. I don't think there was redundancy at all. I believe that extra work, especially when going to the Circuit or modifying a brief from administrative law to the District or the Circuit takes unbelievable amount of hours and persuasiveness. And I do not find that there was overbilling, double-billing, unreasonable hours spent.

(D.E. 59, at 40:22-41:4.) Judge Waldor's observations are sound, as is her practical point about the footwork required of attorneys moving a cause from court to court. Her decision that the time spent to complete the services performed was reasonable and necessary is fully supported by the record.

FLBOE also contends that Judge Waldor's award is excessive and not commensurate with petitioners' limited success. This argument fails. The Third Circuit has spoken on the status of E.I.H. and R.H. as prevailing parties. The

15

appropriate focus here is the reasonableness inquiry, which this Court has addressed above and decided in their favor.

## IV. Conclusion

For the reasons stated above, Judge Waldor's order directing FLBOE to pay a total of $139,553.50 in legal fees (D.E. 63) is affirmed.  An appropriate order will issue.

/s/ Katharine S. Hayden

Date: March 25, 2021                           Katharine S. Hayden, U.S.D.J.